UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

LILLYAN GONZALEZ-IRUJO, an individual,

    Plaintiff,

v.

JUAN DE DIOS GARCIA D.M.D. & ASSOCIATES, P.A.,
a Florida Corporation, d/b/a SMILE MIAMI LAKES, and
JUAN DE DIOS GARCIA, individually,

    Defendants.
_____/

## COMPLAINT

1.    Plaintiff, LILLYAN GONZALEZ-IRUJO (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.    Defendant, JUAN DE DIOS GARCIA D.M.D. & ASSOCIATES, P.A., a Florida Corporation, d/b/a SMILE MIAMI LAKES (hereinafter referred to as "SMILE MIAMI LAKES"), has at all times material to this Complaint, through Defendant, JUAN DE DIOS GARCIA, owned and operated a dental practice located at 7769 NW 146th Street, Miami Lakes, Florida 33016 in Miami-Dade County, Florida.

3.    Defendant, JUAN DE DIOS GARCIA, has at all times material to this Complaint owned and managed/operated SMILE MIAMI LAKES and regularly exercised the authority to hire and fire Plaintiff and other employees, determined the manner in which Plaintiff and other employees are compensated, determined the hours Plaintiff and other employees were required to work, set the rates of pay of Plaintiff and other employees, and controlled the finances and operations of SMILE MIAMI LAKES. By virtue of such control and authority, JUAN DE DIOS

1

GARCIA is an employer of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d).

4. Plaintiff brings this action against Defendants, SMILE MIAMI LAKES and JUAN DE DIOS GARCIA, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the Fair Labor Standards Act ("FLSA").

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6. All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, SMILE MIAMI LAKES had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2018, 2019, 2020, and 2021, SMILE MIAMI LAKES employed two (2) or more employees who, *inter alia*, regularly: (a) handled and worked with dental tools, equipment, and supplies—including but not limited to Sickle Probes, gingival retraction cords, pilers, Dental Drills, Mathieu, bracket tweezers, Scalers, Hoe Tooth Scrapers, gloves, masks, and bibbs for patients—all of which were goods and/or materials moved in or produced for commerce; (b) take home bags for patients who had braces that included toothbrushes, dental floss, mirrors, and mouth wash, all of which were or used goods and/or materials moved in or produced for commerce; (c) handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; and (d) processed electronic bank transfers, credit card transactions, and insurance and Medicaid payments by and for Defendants' customers and/or

insurance carriers both inside and outside of Florida, including but not necessarily limited to electronic payment transactions processed through merchant services for Medicare and/or credit card companies.

8. Based upon information and belief, the annual gross sales volume of SMILE MIAMI LAKES was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, SMILE MIAMI LAKES has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. In approximately July 1994, Defendants hired Plaintiff as a non-exempt employee in Defendants' dental practice.

11. During the statute of limitations period between August 2018 and May 2021, Plaintiff performed non-exempt work as an assistant for Defendants' dental practice with Plaintiff's primary job duties consisting of the following non-exempt tasks: (a) preparing rooms for the dentist and sterilizing tools; (b) cleaning the offices and bathrooms; and (c) assisting co-workers taking them equipment needed to complete services being rendered to patients.

12. During the statute of limitations period between August 2018 and May 2021, Plaintiff regularly worked five (5) days per week for Defendants with a start time of approximately 9:00 a.m. and with stop times between approximately 6:00-7:00 p.m., regularly averaging between approximately Forty-Five (45) and Fifty (50) hours per week.

13. However, throughout the three (3) year statute of limitations period between August 2018 and May 2021, Defendants paid Plaintiff salaried wages for Forty (40) hours of work per

week without time and one-half wages for all of the actual hours Plaintiff worked in excess of Forty (40) hours per week in numerous work weeks in the limitations period between August 2018 and May 2021.

14. Subject to discovery, based upon Defendants paying Plaintiff average gross weekly wages of approximately $229.00/week for Forty (40) hours of work per week between approximately August 2018 and mid-December 2019 and $231.00/week between approximately mid-December 2019 and May 2021 and Plaintiff being owed an average of approximately Eight (8) uncompensated overtime hours per week from Defendants during a total of approximately One Hundred and Twenty-Five (125) work weeks within the three (3) year statute of limitations period, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rates of $8.59/hour and $8.66/hour [$229.00/40 hours = $5.73/hour x 1.5 = $8.59/hour/$231.00/40 hours = $5.78/hour x 1.5 = $8.66/hour], Plaintiff's unpaid overtime wages total approximately **$8,629.50** [($8.59/hour x 8Unpaid OT hours/week x 55 weeks = $3,778.50) + ($8.66/hour x 8 Unpaid OT Hours/week x 70 weeks = $4,851.00) = $8,629.50].

15. Based upon information and belief, Defendants failed to maintain contemporaneous and accurate records of Plaintiff's actual start times, stop times, number of hours worked each day, and total hours actually worked each week during the three (3) year statute of limitations period between August 2018 and May 2021 as required by the FLSA, 29 C.F.R. §516.2(a)(7).

16. Nonetheless, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff during each week between August 2018 and May 2021 but Defendants willfully failed to compensate Plaintiff at time and one-half her applicable regular rate of pay for all of Plaintiff's overtime hours worked for Defendants, instead accepting the benefits of the work performed by Plaintiff without the overtime compensation required by the FLSA, 29

U.S.C. §207.

17. The complete records reflecting the compensation paid by Defendants to Plaintiff each week between August 2018 and May 2021 are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

18. Plaintiff, LILLYAN GONZALEZ-IRUJO, readopts and realleges the allegations contained in Paragraphs 1 through 17 above.

19. Plaintiff is entitled to be paid time and one-half of her applicable regular rate(s) of pay for each hour she worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between August 2018 and May 2021.

20. Defendants knowingly and willfully failed to pay Plaintiff at time and one-half of her applicable regular rate(s) of pay for all hours Plaintiff worked for Defendants in excess of Forty (40) per week during the three (3) year statute of limitations period between August 2018 and May 2021.

21. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff with time and one-half wages for all of the actual overtime hours Plaintiff worked for Defendants during the statute of limitations period between August 2018 and May 2021 based upon, *inter alia*, Defendants: (a) failing to maintain time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for

the benefit of Defendants.

22. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages plus incurring costs and reasonable attorneys' fees.

23. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff, as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

24. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

25. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, LILLYAN GONZALEZ-IRUJO, demands judgment against Defendants, jointly and severally, JUAN DE DIOS GARCIA D.M.D. & ASSOCIATES, P.A., d/b/a SMILE MIAMI LAKES, and JUAN DE DIOS GARCIA, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: August 23, 2021          Respectfully submitted,

By: **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130

Telephone: (305) 901-1379

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Juan de Dios Garcia D.M.D. Associates, P.A. and Juan de Dios Garcia**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_____
Lillyan Gonzalez-Irujo